IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:16-cv-00038-FDW

| | |
|---|---|
| MANUEL C. BENITEZ, | ) |
| Plaintiff, | ) |
| v. | ) **ORDER** |
| JOE BARRINGER, Sgt.; ELIZABETH SEBIK, Fines, Penalties, and Forfeiture Officer, | ) |
| Defendants. | ) |

**THIS MATTER** is before the Court on an initial review of Plaintiff's pro se complaint.

I. BACKGROUND

Plaintiff is a prisoner of the State of North Carolina following his conviction on three counts of drug trafficking in Mecklenburg County Superior Court on September 25, 2007.

According to his complaint, Plaintiff consented to a search of his residence during the drug investigation in 2006, and $93,200 in cash was discovered by law enforcement. Plaintiff states that this money was seized by Immigration and Customs Enforcement (ICE) Special Agent Joe Barringer and documents submitted by Plaintiff tend to show that he was notified of the seizure in June or July 2006 by Defendant Beth Sebik from ICE. (3:16-cv-00038, Doc. No. 1 at 8). On or about October 22, 2009, Plaintiff sent a written inquiry regarding the seized cash in which he claimed that he was never personally notified about the seizure. Officer Sebik sent Plaintiff a written response and provided documentation that included a statement purportedly signed by Plaintiff on October 3, 2006, in which he declared that he was abandoning any interested in the seized cash. (Id. at 11). The date of the administrative forfeiture of the cash was on or about October 31, 2006. Plaintiff's complaint was filed at the earliest on January 7, 2016. Plaintiff denies

1

that he ever signed a notice of abandonment of the property and he seeks an order that would return the seized funds to him.

## II. STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 1915(A)(a), "The court shall review . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." Following this initial review the "court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted." Id. § 1915A(b)(1). In conducting this review, the Court must determine whether the complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989).

A pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in the complaint which set forth a claim that is cognizable under Federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387, 391 (4th Cir. 1990).

## III. DISCUSSION

According to the information provided by Plaintiff, the cash that was seized from his home was found to be the proceeds of illegal activity and was forfeited in 2006, and he made inquiry about the seized funds in 2009, yet he has only now – in 2016 – filed a civil action to contest the seizure. The Court finds that as the ICE letter states, Plaintiff's legal options were made known to him in 2006, through personal service by Special Agent Barringer, (id. at 9), and Plaintiff's late claim to the contrary is simply without merit. Moreover, the evidence presented by Plaintiff demonstrates that a notice regarding the seized funds was published in THE SALISBURY POST on October 10, 17, and 24, 2006, as required by 19 U.S.C. § 1607, thus sufficient notice was

provided to any party that expressed a property interest in the seized cash. (Id. at 13).

For the reasons stated, the Court finds that Plaintiff has failed to state a claim for relief and his complaint will be dismissed.

## IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that Plaintiff's complaint is **DISMISSED** without prejudice. (Doc. No. 1).

The Clerk of Court is directed to close this civil case.

**SO ORDERED.**

Signed: January 25, 2016

Frank D. Whitney
Chief United States District Judge