IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:16-cv-00038-FDW

| | |
|---|---|
| MANUEL C. BENITEZ, ) </br> ) </br> Plaintiff, ) </br> ) </br> v. ) </br> ) </br> JOE BARRINGER, Sgt.; ) </br> ELIZABETH SEBIK, Fines, ) </br> Penalties and Forfeiture, ) </br> ) </br> Defendants. ) </br> ) | **ORDER** |

**THIS MATTER** is before the Court on a review of Plaintiff's motion for reconsideration of the Order dismissing his civil rights complaint which he filed pro se pursuant to 42 U.S.C. § 1983, and while a prisoner of the State of North Carolina.

Plaintiff's complaint was dismissed following an initial review, 28 U.S.C. § 1915A(a), after the Court found that Plaintiff had been provided legally sufficient notice of the Defendants' intention to seize funds in which Plaintiff claimed an interest. (3:16-cv-00038, Doc. No. 4: Order). In addition to those findings, which are fully incorporated herein, the Court notes that it is plain that any attempt to lay claim to the seized funds would be subject to dismissal on statute of limitations grounds because the funds were seized in 2006, yet Plaintiff waited until October 2009 to send a written inquiry regarding the funds, and he waited until January 2016, in order to file his § 1983 complaint.

With regard to motions to alter or amend a judgment under Rule 59(e), the United States Court of Appeals for the Fourth Circuit has stated:

> A district court has the discretion to grant a Rule 59(e) motion only in very narrow circumstances: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear

1

error of law or to prevent manifest injustice."

Hill v. Braxton, 277 F.3d 701, 708 (4th Cir. 2002) (quoting Collison v. Int'l Chem. Workers Union, 34 F.3d 233, 236 (4th Cir. 1994)). Furthermore, "Rule 59(e) motions may not be used to make arguments that could have been made before the judgment was entered." Id. Indeed, the circumstances under which a Rule 59(e) motion may be granted are so limited that "[c]ommentators observe 'because of the narrow purposes for which they are intended, Rule 59(e) motions typically are denied.'" Woodrum v. Thomas Mem'l Hosp. Found., Inc., 186 F.R.D. 350, 351 (S.D. W. Va. 1999) (quoting 11 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, FEDERAL PRACTICE AND PROCEDURE § 2810.1 (2d ed. 1995)).

For the foregoing reasons, the Court finds that Plaintiff's contentions fail to provide an adequate basis for reconsideration under Rule 59.

**IT IS, THEREFORE, ORDERED** that Plaintiff's motion for reconsideration is **DENIED**. (Doc. No. 8).

Signed: July 28, 2016

Frank D. Whitney
Chief United States District Judge